The opinion of the court was delivered by
Breaux, J.
The present action is petitory. The plaintiff sues to be decreed the owner of the N. E. M of Section 20 in Township 12 S., R. 2 B., in the southwestern district of Louisiana.
There are two intervenors; each claiming a parcel of the lands. Their claims are not seriously opposed by the plaintiff.
They allege that the lands in controversy formerly belonged to the succession of Christopher A. Hatch, and that the title passed from his widow and heirs to their author, the plaintiff in this suit.
The defendant controverts the allegations of plaintiff and intervenors and sets up title in himself.
' He pleads the prescription of ten years and possession animo dominorum during that number of years.
With reference to the facts of the case, the records disclose that a patent issued as alleged, and that plaintiff and intervenors are transferees of the rights acquired under the patent.
The defendant in support of his grounds of defence sought to prove that he bought the land involved in this suit from the succes - sion of Adpien Dartes in the summer of 1879.
*1361 The court house of the parish was destroyed by fire on the 7th day of April, 1885, and his deed was burnt.
The defendant, availing’ himself of the law authorizing proof of record so destroyed, brought suit against the administrator and the heirs of the succession of Dartes, and in 1890 obtained a judgment against them, reinstating the title he claimed.
From the record of that case we -gather that a sale was made of the property, at which sale the defendant became the adjudicatee of certain lands.
The defendant believed that he had bought the land of which he had taken possession about ten years prior to the institution of the suit at bar.
The clerk of-the court was present at the sale and testifies that he wrote the prooes verbal of sale; that the defendant bought a quarter section in Section 20, T. 12 S., R. 2 E., divided into lots of foity acres each.
The publisher oE the Meridional, a newspaper in-the parish of Vermilion, testified that he could not find copies of his paper published in July and August, 1870.
Upon the evidence offered the title was reinstated by a judgment of the court.
Upon the trial of the case at bar that judgment was admitted in evidence/
The defendant invokes the law giving effect of an original doeu - meht to the judgment of reinstatement.
The disinterested .witnesses do not establish with any -degree of certainty that the lands bought by the defendant from the succession of Dartes are the same as those claimed by the plaintiff and the intervenors. They were aware of the fact that he bought lands at the succession sale. They were not as certain as to its description and location.
Of the proceedings of the sale, there were two remaining copies of the Meridional — one copy of August- 2, 1879, and the other of August 9, 1879. They were introduced in 'evidence on the trial of the case at bar. .There was no such evidence in the suit to reinstate the lost record.
The advertisement contained in the two" copies in evidence show that the following are the tracts of land sold at the succession sale in question:
*1362 The N. E. 1-4 of the N. W. 1-4 Sec. 20, T. 12 S., R. 2 E.
The JST. W. 1-4 and the S. W. 1-4 of the 1ST. W. 1-4, same section, township and range. The remaining tracts advertised are in an entirely different section.
This newspaper contains proof positive of the lands advertised for sale.
The uncertain memory of witnesses regarding sections and quarter sections of land sold many years ago, do not prove title when entirely at variance with the advertisement leading to the sale. We are confronted with an advertisement informing ns that the land is in the N. W. 1-4, and not in the N. E. 1-4 of the section, ascontended by the defendant. The correctness of the advertisement is not seriously questioned. The witnesses do not positively assail its verity.
It is not proved that the title to any part of the northeast quarter was in the succession at the time, though the defendant was the son-in-law of Dartes and presumably knew something of the titles of the succession to the lands it owned.
Counsel for the defendant argues that the judgment reinstating the sale is binding and final.
The intervenors and plaintiff were not parties to the proceedings to revive. They are not concluded by a judgment decreeing the defendant owner of land the remaining proceedings prove that he did not buy. It was not manifestly the legislative intent to authorize the reinstatement of destroyed records, so as to bind third persons without regard to title on the part of the one at whose instance the reinstatement is decreed.
There was manifestly an error committed in the year 1890, when the judgment of revival was rendered.
Different lands were included within the terms of the judgment from those the defendant owned. The defendant may have been entirely in good faith; presumably he was in good faith, and believed at the time and since the judgment was rendered that he was the owner of the land.
The fact remains that anterior to that year the defendant had no title whatever.
Good faith and title begin from the date of the judgment reinstating the destroyed record, where, as in this case, it is obvious that there was no title whatever in the defendant preceding the date of the judgment.
*1363 The statute authorizing the revival and re-establishment of destroyed record could not and did not, as against third persons, give retroactive effect to a judgment so as to invest the party suing to reinstate with a right he did not previously possess.
He was not the owner of the lands prior to judgment, and had only the bare possession.
Had he had possession during ten years just preceding the date of the judgment of reinstatement, he would have had no title upon which to base the ten years’ prescription. If the defendant had had a title, the judgment would have perpetuated it and secured a previously existing right.
We can not give the court’s sanction to an error and hold third persons bound by a judgment reinstating a record manifestly erroneous.
The plaintiff claims rent during six years — in amount five hundred and fifty dollars. The judgment of the District Court is silent as to rent. Before this court the plaintiff, in his answer to the appeal, prays that the judgment appealed from be amended, by allowing him the rental he claims.
Only one witness testified regarding rent. His testimony, general in character, does not impress us as being sufficient to sustain a claim for an amount more than five hundred dollars.
It was expert testimony in an action in which the parties evidently were far more intent in trying the validity of titles than in establishing the rental value of lands.
We do-nob feel authorized to amend the judgment on.the testimony of record.
The appellant prays that the case be remanded to enable him to prove that plaintiff and intervenors had no title.
The issues between the parties were clearly presented. We would be going .beyond all precedents if we were to remand a case upon the mere suggestion that there is other evidence obtainable and admissible that would, if admitted, completely make out the defence.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellants’ costs.
Rehearing refused.